STATISTICAL INFORMATION ONLY Certification of one of the following items included in the Plan.

_ Valuation of Security        _ Assumption of Executory Contract or Unexpired Lease        _ Lien Avoidance

Last revised: **August 1, 2020**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re: <u>Maria Pinho</u>                                    Case No.:  21-15529

Debtor(s)                                                Judge:  _____

**Chapter 13 Plan and Motions**

☐ Original            ☑ Modified/Notice Required

☐ Motions Included        ☐ Modified/No Notice Required        Date:  <u>01/10/2021</u>

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE
**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate  *Notice of the Hearing on Confirmation of Plan* , which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

---

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

---

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULTS IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: JRV                Initial Debtor: MP                Initial Co-Debtor: ___

## Part 1: Payment and Length of Plan

a. The debtor shall pay $2,011.14 per Month to the Chapter 13 Trustee, starting on   September 1, 2021   for approximately 5 months and $2,349.78 for 55 months.

b. The debtor shall make plan payments to the Trustee from the following sources:

- [x] Future earnings

- [ ] Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

- [ ] Sale of real property

  Description: _____

  Proposed date for completion: _____

- [ ] Refinance of real property

  Description: _____

  Proposed date for completion: _____

- [ ] Loan modification with respect to mortgage encumbering property:

  Description: _____

  Proposed date for completion: _____

d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. [ ] Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection [ ] None

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $3,250.00 |
| DOMESTIC SUPPORT OBLIGATION | | $0.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

- [ ] None

- [ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 4: Secured Claims

a. Curing Default and Maintaining Payments on Principal Residence

- [ ] NONE

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Selene Finance | 134 Orchard Street | $106,448.63 | unknown | 106,448.63 | $2,624.66 |

| | | | | | |
|---|---|---|---|---|---|
| Community Loan Servicing LLC | 134 Orchard Street | $18,471.20 | unknown | $18,471.20 | $0.00 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:**

☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506:**

☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid Through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES**
**the appropriate motion to be filed under Section 7 of the Plan.**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**

☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan**  ☑ NONE
The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan:**  ☐ NONE

Creditor          Collateral          Total Amount to be Paid Through the Plan

## Part 5: Unsecured Claims
☐ NONE

**a.** **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ to be distributed *pro rata*

☐ Not less than 100.00% percent

☑ *Pro Rata* distribution from any remaining funds

**b.** **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis of Separate Classification | Treatment | Amount to be Paid |
|----------|----------------------------------|-----------|-------------------|
|          |                                  |           |                   |

## Part 6: Executory Contracts and Unexpired Leases
☑ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent   assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|----------|------------------------------|------------------------------|---------------------|------------------------|
|          |                              |                              |                     |                        |

## Part 7: Motions None ☐

NOTE:  All plans containing motions must be served on all affected creditors, together with local form,   *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1.  A   *Certification of Service* must be filed with the Clerk of Court when the plan and transmittal notice are served.

**a.**  **Motion to Avoid Liens Under** 11. U.S.C. Section 522(f).   ☑ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|----------|----------------------|--------------|----------------|---------------------|------------------------------|----------------------------------------------|-------------------------------|

**b.** **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with   Part 4 above:

|   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |

**c.** **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**   ☐ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to   void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|----------|------------|----------------|------------------------|------------------------------|-----------------------------------------|
|          |            |                |                        |                              |                                         |

**Part 8: Other Plan Provisions**

    **a. Vesting of Property of the Estate**

        ☑ Upon confirmation

        ☐ Upon discharge

    **b. Payment Notices**

    Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    **c. Order of Distribution**

    The Trustee shall pay allowed claims in the following order:

        1) Ch. 13 Standing Trustee commissions

        2) __Administrative Expenses_____

        3) __Secured Claims_____

        4) ___Unsecured Claims_____

    **d. Post-Petition Claims**

    The Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9: Modification**

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified:  August 26, 2021_ .

Explain below **why** the plan is being modified:

Property Revalued to greater than previously called for

Explain below **how** the plan is being modified:

Plan amount increased to satisfy 2nd priority mortgage arrears.

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☑ Yes    ☐ No

**Part 10: Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☑ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan is identical to Local Form, Chapter 13 Plan and Motions, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 01/10/2021                                    /s/ Maria Pinho

                                  Debtor

Date:                                                          /s/

                                  Joint Debtor

Date: 01/10/2021                                    /s/ John Voorhees

                                  Attorney for the Debtor

United States Bankruptcy Court

District of New Jersey

In re:                                                                                    Case No. 21-15529-VFP

Maria Pinho                                                                         Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2                          User: admin                                              Page 1 of 2

Date Rcvd: Jan 13, 2022                  Form ID: pdf901                                  Total Noticed: 17

The following symbols are used throughout this certificate:

| Symbol | Definition |
| --- | --- |
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 15, 2022:**

| Recip ID | | Recipient Name and Address |
| --- | --- | --- |
| db | + | Maria Pinho, 134 Orchard Street, Garfield, NJ 07026-2714 |
| aty | + | Aldridge Pite, LLP, 4375 Jutland Drive, Suite 200, P.O. Box 17933, San Diego, CA 92177-7921 |
| 519256185 | + | Bergen County Special Civil Court, 10 Main Street, Room 427, Hackensack, NJ 07601-7069 |
| 519260346 | + | DLJ Mortgage Capital, Inc, RASC, PLLC, 130 Clinton Road #202, Fairfield, NJ 07004-2927 |
| 519306734 | + | DLJ Mortgage Capital, Inc, 9990 Richmond Ave. Suite 400 South Attn:, Houston, TX 77042-4546 |
| 519256187 | | Pennymac, PO Box 30597, Los Angeles, CA 90030-0597 |
| 519256191 | | Simons Agency Inc, 4663 Wintersweet Drive, Liverpool, NY 13088 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
| --- | --- | --- | --- | --- |
| smg | | Email/Text: usanj.njbankr@usdoj.gov | Jan 13 2022 20:46:00 | U.S. Attorney, 970 Broad St., Room 502, Rodino Federal Bldg., Newark, NJ 07102-2534 |
| smg | + | Email/Text: ustpregion03.ne.ecf@usdoj.gov | Jan 13 2022 20:46:00 | United States Trustee, Office of the United States Trustee, 1085 Raymond Blvd., One Newark Center, Suite 2100, Newark, NJ 07102-5235 |
| 519261589 | | Email/PDF: resurgentbknotifications@resurgent.com | Jan 13 2022 20:50:06 | Ashley Funding Services, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 519289160 | + | Email/Text: BKMailBayview@bayviewloanservicing.com | Jan 13 2022 20:46:00 | Community Loan Servicing, LLC, f/k/a Bayview Loan Servicing, LLC, 4425 Ponce De Leon Blvd., 5th Floor, Coral Gables, FL 33146-1873 |
| 519256186 | + | Email/Text: bankruptcydpt@mcmcg.com | Jan 13 2022 20:46:00 | Midland Funding LLC, 350 Camino De La Reina #100, San Diego, CA 92108-3007 |
| 519256188 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Jan 13 2022 20:50:19 | Portfolio Recovery Assoc LLC, PO Box 12914, Norfolk, VA 23541-0914 |
| 519256187 | | Email/PDF: ebnotices@pnmac.com | Jan 13 2022 21:00:39 | Pennymac, PO Box 30597, Los Angeles, CA 90030-0597 |
| 519299879 | | Email/PDF: resurgentbknotifications@resurgent.com | Jan 13 2022 20:50:06 | Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 519256189 | | Email/Text: bkteam@selenefinance.com | Jan 13 2022 20:46:00 | Selene Finance, PO Box 422039, Houston, TX 77242-4239 |
| 519256190 | | Email/Text: bkteam@selenefinance.com | Jan 13 2022 20:46:00 | Selene Finance LP, 9990 Richmond Ave, Houston, TX 77042-4559 |
| 519256192 | | Email/PDF: gecsedi@recoverycorp.com | Jan 13 2022 20:50:01 | Synchrony Bank/JCP, Po Box 965002, Orlando, FL 32896-5002 |

TOTAL: 11

# BYPASSED RECIPIENTS

District/off: 0312-2                              User: admin                              Page 2 of 2
Date Rcvd: Jan 13, 2022                          Form ID: pdf901                          Total Noticed: 17

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | *+ | DLJ Mortgage Capital, Inc, RASC, PLLC, 130 Clinton Rd #202, Fairfield, NJ 07004-2927 |

TOTAL: 0 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 15, 2022                    Signature:        /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 12, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Denise E. Carlon | on behalf of Creditor Community Loan Servicing  LLC, a Delaware Limited Liability Company dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| John Richard Voorhees, III | on behalf of Debtor Maria Pinho bk@focusedlaw.com bk@focusedlaw.com;g35648@notify.cincompass.com;10440@notices.nextchapterbk.com |
| Marie-Ann Greenberg | magecf@magtrustee.com |
| Shauna M Deluca | on behalf of Creditor DLJ Mortgage Capital  Inc sdeluca@raslg.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 5